```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

RICHARD McLAUGHLIN,            )
            Petitioner,        )
                               )
        v.                     )    Civil Action No. 11-10746-NMG
                               )
BRIAN GILLEN, SUPERINTENDENT,  )
            Respondent.        )

## MEMORANDUM AND ORDER

For the reasons stated below, the petition for a writ of habeas corpus is denied and this action shall be dismissed.

## BACKGROUND

On April 28, 2011, Petitioner Richard McLaughlin, an inmate now incarcerated at the Plymouth County Correctional Facility, filed a self-prepared petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Docket No. 1. With his petition, filed a Motion to Allow Preliminary Injunction to Lift Parole Suspension. See Docket No. 3. Although the cover letter accompanying the petition states that $5 payment will be sent to the Court, see Docket No. 2, the Court's records indicate that the $5.00 filing fee has not yet been paid.

The Petition states that on January 15, 2009, McLaughlin was sentenced in Hingham District Court to three years for operating under the influence and reckless operation of a motor vehicle. McLaughlin explains that this was his third OUI offense and makes references to M.G.L. ch. 90[, § 24(1)( a )(1)] and states that the law permits his release after serving 150 days and completing a substance abuse program. He states that he filed an appeal

with the Massachusetts Appeals Court and (see Pet., ¶ 13) that he is awaiting appeal decision.

McLaughlin seeks to have this court order his release on GPS bracelet. See Pet., ¶ 14. He lists four grounds for his petition as follows: (1) the staff at PCCF use of false information to deny release on the bracelet; (2) the U.S. Attorneys Office advised Petitioner that he could file a complaint with the U.S. District Court alleging a cause of action against the PCCF staff who tamper with his mail; (3) plaintiff is eligible for release on GPS bracelet based PCCF classification plan #420 and MGL ch. 90; and (4) plaintiff was libeled by a parole board officer and was denied due process when he was denied witness. McLaughlin states that he is a victim of public corruption by PCCF officers and that he is not safe at PCCF.

In his Motion for Preliminary Injunction to Lift Parole Suspension and Request for Order Against the Parole Board, he argues that he has been eligible for parole since July 12, 2010. See Docket No. 3. He further states that he was given a disciplinary hearing on July 21, 2010 based upon a July 17, 2010 incident and that the PCCF officers and parole board members used false information to deny his request for parole. Id. McLaughlin outlines the steps he has taken to appeal the denial and he complains that he is in fear for his safety around certain officers and that he has asked PCCF to send $5 for the filing fee

but that the officers "don't want to the court to know that they make their own laws." Id.

## SCREENING

In order to demonstrate that he is entitled to habeas relief, Petitioner must show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, the Court is required to examine a petition, and if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition." Rule 4; see also McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); Mahoney v. Vondergritt, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition).

Similarly, under 28 U.S.C. § 2243, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to order the respondent "to show cause why the writ [of habeas corpus] should not be granted." 28 U.S.C. § 2243; see also Marmol v. Dubois, 855 F. Supp. 444, 446 (D. Mass. 1994).

The Supreme Court held in Preiser v. Rodriquez that a habeas action, rather than a suit under 42 U.S.C. § 1983, is the proper

3

vehicle for a state prisoner to challenge "the fact or duration of his confinement." 411 U.S. 475, 489 (1973). Actions under Section 1983 are not cognizable when the prisoner seeks "immediate release from prison" or a shortening of the term of confinement. Id. at 482. The Court expanded on this principle in Heck v. Humphrey, explaining that even when a plaintiff seeks monetary damages rather than a speedier release, federal courts may not consider Section 1983 claims that impugn the lawfulness of confinement. See 512 U.S. 475, 485 (1994); White v. Gittens, 121 F.3d 803, 806-07 (1st Cir. 1997) (holding that a § 1983 action challenging a parole revocation was not cognizable under Heck because plaintiff contended that the revocation was constitutionally invalid). When state prisoner's challenge "necessarily impl[ies] . . . the invalidity of" a parole revocation determination, the action must be pursued through a petition for a writ of habeas corpus." Edwards v. Balisok, 520 U.S. 641, 648 (1997); see also Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (holding that § 1983 action against parole board defendants who considered false information in denying parole was not cognizable because "the remedy [plaintiff] ultimately seeks is parole"); Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996) (same).[1]

---

[1]The Balisok court noted that a claim for prospective injunctive relief that would bar future unconstitutional procedures may be properly brought pursuant to Section 1983.

In considering whether the instant habeas petition clears these hurdles, the Court liberally construes the petition because Petitioner is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## DISCUSSION

I. Petitioner's Habeas Petition is Subject to Dismissal

Upon screening Petitioner's petition under Rule 4 and 28 U.S.C. § 2243, the Court concludes that Petitioner has not alleged any basis on which the Court could issue a writ of habeas corpus. The petition does not name the proper respondent and instead names the Department of Correction. See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (immediate custodian of petitioner is proper respondent in habeas action).

To the extent McLaughlin seeks review of his conviction, he has not exhausted his state court remedies. The Massachusetts Appeals Court has his direct appeal under advisement.

To the extent he claims that his federal constitutional right to due process was violated by a decision of the Massachusetts Parole Board to deny him parole, such a claim is not cognizable on federal habeas review. The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives

---

Balisok, 520 U.S. at 648 ("Ordinarily, a prayer for such prospective relief will not 'necessarily imply' the invalidity of a previous loss of good-time credits, and so may properly be brought under § 1983.").

a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  <u>Kentucky Dep't of Corrections v. Thompson</u>, 490 U.S. 454, 459-60, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989).  The Supreme Court has definitively held that a convicted person has no constitutional right to be conditionally released, on parole or otherwise, before the expiration of a valid sentence.  <u>See</u> <u>Greenholtz v. Inmates of Nebraska Penal and Corr. Complex</u>, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).  A valid conviction, with all its procedural safeguards, extinguishes that liberty right.  <u>See</u> <u>id.</u>; <u>see also</u> <u>Meachum v. Fano</u>, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

Although there is no federal constitutional right to parole, a convicted person may have a liberty interest created by state law.  However, in Massachusetts, denial of parole does not deprive an individual of a liberty interest.  <u>See</u> <u>Lynch v. Hubbard</u>, 47 F. Supp. 2d 125, 128 (D. Mass. 1999) (holding that "when the Massachusetts Parole Board decides not to grant a prisoner a parole permit, it does not deprive him of a liberty interest protected under the Fourteenth Amendment, and thus the Due Process Clause does not apply to the decision not to grant

6

parole."). As Petitioner has no protected liberty interest in parole, his claim is not cognizable on federal habeas review. Habeas relief is therefore not warranted in this case.

## II. Petitioner May Choose to File a Civil Action

To the extent Petitioner complains about other issues, including allegations that he is not safe at the Plymouth County Correctional Facility and that the staff at the Plymouth County Correctional Facility provided false information, such claims cannot be raised in a habeas action.

Here, the dismissal of this habeas action is without prejudice to Petitioner raising his non-habeas claims in a civil rights complaint brought pursuant to 42 U.S.C. § 1983.[2] In order to state a § 1983 claim, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir. 1992). See Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) ("A section 1983 violation occurs when an official acting under color of state law acts to deprive an individual of a federally protected right."); Alexis v. McDonald's Restaurants

---

[2]The Court expresses no view on the merits of any Section 1983 civil action.

of Mass., Inc., 67 F.3d 341, 351 (1st Cir. 1995).

If Petitioner decides to pursue a civil rights action, he is advised that he must pay the $350.00 filing fee or file a completed application to proceed in forma pauperis, accompanied by a certified copy of his inmate account statement, demonstrating that he lacks sufficient funds from which to pay the filing fee. See 28 U.S.C. § 1914(a) (filing fee for civil actions); 28 U.S.C. § 1915 (proceedings in forma pauperis). Petitioner is advised that failure to comply with the filing fee requirements could subject any future civil action to dismissal.

## ORDER

ACCORDINGLY, the Court DENIES the petition for a writ of habeas corpus and orders that this action be dismissed.[3]

SO ORDERED.

| | |
|---|---|
| July 8, 2011 | /s/ Nathaniel M. Gorton |
| DATE | NATHANIEL M. GORTON |
| | UNITED STATES DISTRICT JUDGE |

---

[3] In view of the dismissal for the reasons stated herein, the Court need not address Petitioner's failure to pay the $5.00 filing fee for this habeas petition.